```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
CHRISTOPHER O'ROURKE,                                                   :
                                                                        :
                                    Plaintiff,                          :      19 Civ. 4711 (PAE) (GWG)
                        -v-                                             :
                                                                        :            OPINION & ORDER
NIRVANA,                                                                :
                                                                        :
                                    Defendant.                          :
                                                                        :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

On May 22, 2019, plaintiff Christopher O'Rourke, proceeding *pro se*, brought this action pursuant to the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law, alleging that defendant Nirvana's premises discriminate against him because of his disability. Dkt. 1 ¶¶ 13–32. On May 28, 2019, the Court referred this case to the Honorable Gabriel W. Gorenstein, Magistrate Judge, for general pretrial purposes. Dkt. 4. On June 19, 2019, O'Rourke filed a document purporting to show service on Nirvana, Dkt. 6, but Nirvana has not responded to the complaint or otherwise appeared in this litigation.

On November 12, 2019, Judge Gorenstein informed O'Rourke that, if he planned to move for a default judgment, he was required to obtain a certificate of default and file a motion for default before December 12, 2019. Dkt. 7. The order also noted that, if O'Rourke failed to do so, his case might be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). *Id.* On February 14, 2020, after O'Rourke took no action, Judge Gorenstein issued an Order to Show Cause, directing O'Rourke to explain, by February 28, 2020, why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b). Dkt. 8. Judge Gorenstein again warned O'Rourke that failing to comply with the order "may by itself result in

plaintiff's case being dismissed." *Id.*  O'Rourke, again, never responded or contacted the Court in any way.

Before the Court is the March 12, 2020 Report and Recommendation of Judge Gorenstein, recommending that the Court dismiss this action for failure to prosecute, pursuant to Rule 41(b).  Dkt. 9 ("Report").  The Court incorporates by reference the summary of the facts provided in the Report.  For the following reasons, the Court adopts this recommendation.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Gorenstein's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.  Because the Report explicitly states that "the parties have fourteen (14) days . . . from service of this Report and Recommendation to file any objections," and that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal" Report at 3, the parties' failure to object operates as a waiver of appellate review. *See*

*Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court dismisses this action for failure to prosecute.

The Clerk of Court is respectfully directed to mail a copy of this decision to plaintiff at the address on file.

SO ORDERED.

                                                                       Paul A. Engelmayer
                                                                        United States District Judge

Dated: May 5, 2020
          New York, New York